Lydia Ong Sanders (*Pro Se*)
1621 Kensing Lane
Santa Ana, California 92705-3074
Telephone: (714) 665-8012
Facsimile: (714) 665-8012
Email: lydiaosanders@yahoo.com

Debtor *Pro Se*

FILED
NOV 10 2015
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| IN RE<br><br>LYDIA ONG SANDERS,<br><br>Debtor. | Bankruptcy Case No.: 8:15-bk-14615-TA<br>BAP Case No.: CC-15-1344<br>Chapter 11<br><br>STATEMENT OF ISSUES ON APPEAL<br>PURSUANT TO F.R.B.P. 8009 |

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD

**STATEMENT OF ISSUES ON APPEAL**
**PURSUANT TO F.R.B.P. 8009**

1. Whether the Bankruptcy Court committed an error of law in denying the filing of debtor's bankruptcy petition.
2. Whether the Bankruptcy Court abused its discretion in denying the filing of debtor's bankruptcy petition.
3. Whether the Bankruptcy Court committed reversible error in denying the filing of debtor's bankruptcy petition.
4. Whether the Bankruptcy Court committed an error of law in denying debtor's application to pay the filing fee in installments.
5. Whether the Bankruptcy Court abused its discretion in denying debtor's application to pay the filing fee in installments.

6. Whether the Bankruptcy Court committed reversible error in denying debtor's application to pay the filing fee in installments.

7. Whether the Bankruptcy Court committed an error of law in preventing debtor from filing bankruptcy.

8. Whether the Bankruptcy Court abused its discretion in preventing debtor from filing bankruptcy.

9. Whether the Bankruptcy Court committed reversible error in preventing debtor from filing bankruptcy.

10. Whether the Bankruptcy Court committed an error of law in barring debtor from re-filing bankruptcy and tacking on a 180-day bar.

11. Whether the Bankruptcy Court abused its discretion in barring debtor from re-filing bankruptcy and tacking on a 180-day bar.

12. Whether the Bankruptcy Court committed reversible error in barring debtor from re-filing bankruptcy and tacking on a 180-day bar.

13. Whether the Bankruptcy Court/United States Trustee committed an error of law in their demand for payment of $325.00 for U.S. Trustee quarterly fees for a blocked-at-the-clerk's-window bankruptcy filing.

14. Whether the Bankruptcy Court/United States Trustee abused their discretion in their demand for payment of $325.00 for U.S. Trustee quarterly fees for a blocked-at-the-clerk's-window bankruptcy filing.

15. Whether the Bankruptcy Court/United States Trustee committed reversible error in their demand for payment of $325.00 for U.S. Trustee quarterly fees for a blocked-at-the-clerk's-window bankruptcy filing.

16. Whether the Bankruptcy Court committed an error of law when pursuant to Bankruptcy Code Section 109(g), debtor was prohibited from filing any new bankruptcy petition within 180 days of the date of entry of the Bankruptcy Court's order of dismissal.

17. Whether the Bankruptcy Court abused its discretion when pursuant to Bankruptcy Code Section 109(g), debtor was prohibited from filing any new bankruptcy petition within 180 days of the date of entry of the Bankruptcy Court's order of dismissal.

18. Whether the Bankruptcy Court committed reversible error when pursuant to Bankruptcy Code Section 109(g), debtor was prohibited from filing any new bankruptcy petition within 180 days of the date of entry of the Bankruptcy Court's order of dismissal.

19. Whether the Bankruptcy Court committed an error of law by invoking the bankruptcy status of anyone else but debtor in barring debtor's bankruptcy petition.

20. Whether the Bankruptcy Court abused its discretion by invoking the bankruptcy status of anyone else but debtor in barring debtor's bankruptcy petition.

21. Whether the Bankruptcy Court committed reversible error by invoking the bankruptcy status of anyone else but debtor in barring debtor's bankruptcy petition.

22. Whether the Bankruptcy Court committed an error of law by issuing an order of dismissal with special restriction period against re-filing a new bankruptcy case.

23. Whether the Bankruptcy Court abused its discretion by issuing an order of dismissal with special restriction period against re-filing a new bankruptcy case.

24. Whether the Bankruptcy Court committed reversible error by issuing an order of dismissal with special restriction period against re-filing a new bankruptcy case.

25. Whether the Bankruptcy Court committed an error of law in blocking, barring, and restricting the filing of a new petition in bankruptcy, a Constitutionally-impermissible restraint on Economic, Administrative and Procedural Due Process in violation of the Civil Rights Act, 42 U.S.C. 1983, in that debtor was prevented from doing a thing she had a lawful right to do—file a petition in bankruptcy.

26. Whether the Bankruptcy Court abused its discretion in blocking, barring, and restricting the filing of a new petition in bankruptcy, a Constitutionally-impermissible restraint on Economic, Administrative

and Procedural Due Process in violation of the Civil Rights Act, 42 U.S.C. 1983, in that debtor was prevented from doing a thing she had a lawful right to do—file a petition in bankruptcy.

27. Whether the Bankruptcy Court committed reversible error in blocking, barring, and restricting the filing of a new petition in bankruptcy, a Constitutionally-impermissible restraint on Economic, Administrative and Procedural Due Process in violation of the Civil Rights Act, 42 U.S.C. 1983, in that debtor was prevented from doing a thing she had a lawful right to do—file a petition in bankruptcy.

28. Whether the Bankruptcy Court committed an error of law in dismissing the above–captioned "case," which was never a *case*, for the Bankruptcy Court **prevented** the filing thereof, and added a prohibition against the re-filing of another bankruptcy petition *by or against* the debtor for 180 days from the date of entry of the order.

29. Whether the Bankruptcy Court abused its discretion in dismissing the above–captioned "case," which was never a *case*, for the Bankruptcy Court **prevented** the filing thereof, and added a prohibition against the re-filing of another bankruptcy petition *by or against* the debtor for 180 days from the date of entry of the order.

30. Whether the Bankruptcy Court committed reversible error in dismissing the above–captioned "case," which was never a *case*, for the Bankruptcy Court **prevented** the filing thereof, and added a prohibition against the re-filing of another bankruptcy petition *by or against* the debtor for 180 days from the date of entry of the order.

31. Whether the Bankruptcy Court committed an error of law by depriving the would-be debtor of the benefits and privileges provided by the United States Bankruptcy Code.

32. Whether the Bankruptcy Court abused its discretion by depriving the would-be debtor of the benefits and privileges provided by the United States Bankruptcy Code.

33. Whether the Bankruptcy Court committed reversible error by depriving the would-be debtor of the benefits and privileges provided by the United States Bankruptcy Code.

34. Whether the Bankruptcy Court committed an error of law in application of the Bankruptcy Code to the would-be debtor contrary to the Equal Protection Clause of the United Sates Constitution.

35. Whether the Bankruptcy Court abused its discretion in application of the Bankruptcy Code to the would-be debtor contrary to the Equal Protection Clause of the United States Constitution.

36. Whether the Bankruptcy Court committed reversible error in application of the Bankruptcy Code to the would-be debtor contrary to the Equal Protection Clause of the United States Constitution.

37. Whether the Bankruptcy Court committed an error of law in the unequal and therefore discriminatory application of the Bankruptcy Code to the would-be debtor in violation of Article 1 of the Constitution of the State of California, which declares: All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy.

38. Whether the Bankruptcy Court abused its discretion in the unequal and therefore discriminatory application of the Bankruptcy Code to the would-be debtor in violation of Article 1 of the Constitution of the State of California, which declares: All people are by nature free and independent and have inalienable rights. Among these are enjoying and

defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy.

39. Whether the Bankruptcy Court committed reversible error in the unequal and therefore discriminatory application of the Bankruptcy Code to the would-be debtor in violation of Article 1 of the Constitution of the State of California, which declares: All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy.

40. Whether the Bankruptcy Court stripped the would-be debtor of her First Amendment right to Free Speech in shutting her up before she could be heard via a petition in bankruptcy.

41. Whether the Bankruptcy Court deprived the would-be debtor of Bankruptcy protection and as a direct and proximate result the would-be debtor's home was immediately auctioned off in a foreclosure sale otherwise stoppable but for the Bankruptcy Court's denial, dismissal, and bar-debtor order for six (6) months without a hearing in derogation of Due Process, Free Speech, and an Opportunity to be Heard.

42. Whether the Bankruptcy Court's Order of Dismissal with a 180-day bar against re-filing any bankruptcy constituted the equivalent of summary execution where the Bankruptcy Court became the would-be debtor's "judge, jury, and executioner" since it held the "keys" to stop an illegal foreclosure and auctioning off of her family's home in spite of the fact that the underlying loan transaction was subject to an effective Truth-in-Lending Act ("TILA") rescission that the would-be debtor exercised in 2010, and thus the Note and Deed of Trust were void instruments (15 U.S.C. 1635, et seq.) yet the would-be debtor was helpless to stop the foreclosure sale since she was prohibited at the Bankruptcy Court clerk's

window to exercise her right to file bankruptcy as a Citizen of the United States and a citizen of the State of California to come into Federal Bankruptcy Court, file a petition in bankruptcy, and not be barred from doing so by the illegal act of a bankruptcy judge in depriving her of that privilege as afforded to her by the Privileges and Immunities Clause of the U.S. Constitution through the Fifth and Fourteenth Amendments.

Dated:   November 9, 2015            LYDIA ONG SANDERS

By: _____
    LYDIA ONG SANDERS
    Debtor *Pro Se*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1621 Kensing Lane
Santa Ana, CA 92705-3074

A true and correct copy of the foregoing document entitled (*specify*): _____
Statement of Issues on Appeal Pursuant to F.R.B.P. 8009 _____
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _11/10/2015_, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon. Theodor C. Albert, 411 W. 4th St., Suite 5085/Courtroom 5B, Santa Ana, CA 92701-4593 (5th fl. bin outside elevators)
U.S. Trustee, 411 W. 4th St., Suite 9041, Santa Ana, CA 92701-8000 (personal delivery to receptionist)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/10/2015 | Marshall Samuel Sanders | *[signature]* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                 **F 9013-3.1.PROOF.SERVICE**