United States Bankruptcy Court
Central District of California

In re:  
Lydia Ong Sanders  
    Debtor

Case No. 15-14615-TA  
Chapter 11

## CERTIFICATE OF NOTICE

District/off: 0973-8     User: esteinber     Page 1 of 1     Date Rcvd: May 23, 2017  
                       Form ID: pdf042     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 25, 2017.  
db         Lydia Ong Sanders,    1621 Kensing Ln,    Santa Ana, CA   92705-3074

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                TOTAL: 0

          ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                          TOTAL: 0

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 25, 2017                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 23, 2017 at the address(es) listed below:  
         Nancy S Goldenberg    on behalf of U.S. Trustee    United States Trustee (SA)  
          nancy.goldenberg@usdoj.gov  
         United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov  
                                                                                                        TOTAL: 2

**FILED & ENTERED**

MAY 23 2017

**CLERK U.S. BANKRUPTCY COURT**
Central District of California
BY steinber DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Lydia Ong Sanders<br><br><br><br><br>Debtor(s). | Case No.: 8:15-bk-14615-TA<br><br>CHAPTER 11<br><br>**ORDER AFTER HEARING DISMISSING CASE WITH A 180-DAY BAR**<br><br>Date:       April 12, 2017<br>Time:       10:00 AM<br>Courtroom: 5B |

    This Order to Show Cause Hearing ordering Debtor Lydia Ong Sanders to appear and show cause why this case should not be dismissed as a bad-faith filing was conducted on April 12, 2017 at 10:00 a.m. There was no appearance by any party. Debtor did file the "Debtor's Response to OSC re Bad Faith Filing" on April 11, 2017 as #28 on the Court's docket, and the Court already reviewed this Response.

    For the reasons stated in the tentative, which is adopted as part of the order, case is dismissed with a 180-day bar to refiling.

    "The court originally dismissed this Chapter 11 case with a 180-day bar at the filing window on September 22, 2015 when the debtor sought to pay the filing fee in installments. The court did so because this was the tenth case filed by debtor and/or her husband, Marshall Sanders, within only about (measured as of then) the

-1-

last four years. Marshall Sanders, debtor's husband, has filed five cases before Judge Smith, most being dismissed for failure of follow through in one way or another. Similarly, this is the fourth case for debtor, with the Sanderses filing one joint case. Most of debtor's cases have been similarly dismissed, although she was granted a discharge in case no. 10-17916 TA on 9/28/2010. She is thus not eligible for discharge in this case under 11 U.S.C. §727(a)(8). But the BAP reversed and vacated the dismissal on due process grounds, i.e. that the court should have afforded a hearing to debtor before summarily dismissing her case. After the mandate from the BAP returning the case to this court, on March 30, 2017 the court issued its OSC why the case should not be dismissed on grounds of bad faith. Insofar as the court can tell, debtor has not even filed her schedules and statement of affairs or the memorandum of counselling required under §109(h) in this case, let alone demonstrated good faith.

In her response to the OSC filed late on April 11, 2017, she provides a polemical indictment of the court, of the judiciary, of the bankruptcy bar and banks, all of whom, she contends, have conspired against her and the common man generally to plunder and pillage. No evidence is supplied, of course. She personally insults the court. Moreover, the premise of her response is astounding. She seems to believe that she has a constitutional right to file as many bankruptcy petitions as she likes, without the remotest possibility of either reorganizing her affairs or obtaining a discharge. Rather, she feels entitled to whatever it takes to get yet another automatic stay to stop foreclosure. This is manifestly not the law, nor could it ever be in any sane legal system. Adjustment of debt and discharge are privileges, not rights. These privileges are reserved for honest debtors who comply with the requirements of law in good faith. Debtor provides no indication whatsoever that she has any intention of performing the reciprocal requirements of debtors acting in good faith. Particularly she provides no indication that she could possibly confirm a plan in this or in any case (indeed, she could not even pay the filing fee except in installments). She merely wants yet another indefinite stay. There is no reason to accommodate this unreasonable expectation and so, again, this case is dismissed with a 180-day bar to refiling.

*Dismiss with a 180-day bar to refiling."*

For the reasons stated this case is DISMISSED with a 180-day bar against refiling absent leave of court.

Date: May 23, 2017

_____
Theodor C. Albert
United States Bankruptcy Judge

-2-